UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDELL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06CV01398 (RBW) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ANSWER OF DEFENDANT DISTRICT OF COLUMBIA
TO THE COMPLAINT

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

1.    This defendant admits the existence of the statutory and Constitutional references in paragraph 1 of the Complaint but denies that jurisdiction is necessarily conferred on this court or this defendant solely by reason thereof.

2.    The allegations contained in paragraph 2 are conclusions of law and of the pleader to which no response is required. However, to the extent that a response is required, said allegations are denied.

3.    This defendant admits that defendant District of Columbia is a municipal corporation and is responsible for the supervision and operation of the Department of Corrections. The remaining allegations in paragraph 3 are conclusions of law and of the pleader to which no responses is required.

4.    This defendant admits that plaintiff was assigned DCDC identification number 219-106 and is now under the care of the Federal Bureau of Prisons.

5. This defendant admits that Odie Washington was the Director of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 5 are conclusions of law and of the pleader to which no response is required.

6. This defendant admits that Margaret Moore was the Director of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 6 are conclusions of law and of the pleader to which no response is required.

6. This defendant admits that Adrienne Poteat is a former employee of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 6 are conclusions of law and of the pleader to which no response is required.

7. This defendant admits that James Murphy is a former employee of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 7 are conclusions of law and of the pleader to which no response is required.

8. This defendant admits that Michele Elzie is a former employee of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 9 are conclusions of law and of the pleader to which no response is required.

10. This defendant admits that Johnny Showell is a former employee of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 10 are conclusions of law and of the pleader to which no response is required.

11. This defendant admits that David Roach is a former employee of the Department of Corrections of the District of Columbia. The remaining allegations in paragraph 11 are conclusions of law and of the pleader to which no response is required.

12. This defendant admits that Leona Bennett was a Deputy Warden at the Maximum Security Facility ("MSF") at Lorton in 1999 and 2000. The remaining

allegations in paragraph 12 are conclusions of law and of the pleader to which no response is required.

      13.   The allegations in paragraph 13 are conclusions of law and of the pleader to which no response is required. However, to the extent a response is required, the defendants deny the allegations contained in paragraph 13.

      14   This defendant admits the allegations contained in paragraph 14.

      15.   This defendant admits that Captain Jose Rodriquez received an anonymous note from a person who signed the note "Informer".

      16.   This defendant admits that the note referred to in paragraph 16 speaks for it self.

      17. This defendant admits that the note referred to in paragraph 17 speaks for it self.

      18. The allegations in paragraph 18 are conclusions of law and of the pleader to which no response is required.

      19.   The allegations in paragraph 19 are conclusions of law and of the pleader to which no response is required.

      20.   The allegations in paragraph 20 are conclusions of law and of the pleader to which no response is required.

      21.   This defendant admits that a hearing was held on April 2, 1997. The remaining allegations in paragraph 21 are conclusions of law and of the pleader to which no response is required.

      22. The allegations in paragraph 22 are conclusions of law and of the pleader to which no response is required.

23. This defendant admits that plaintiff filed an administrative appeal to Deputy Warden Johnny Showell and that on April 8, 1997 the appeal was denied. The remaining allegations in paragraph 22 are conclusions of law and of the pleader to which no response is required.

24. This defendant admits that plaintiff filed a Writ of Habeas Corpus and on October 17, 1997 the Writ of habeas corpus was denied by Judge Ronald Wertheim. The remaining allegations in paragraph 24 are conclusions of law and of the pleader to which no response is required.

25. This defendant admits that plaintiff was in administrative segregation. The remaining allegations in paragraph 25 are conclusions of law and of the pleader to which no response is required.

26. This defendant admits that Red Onion State Prison is a Virginia State Prison. The remaining allegations in paragraph 26 are conclusions of law and of the pleader to which no response is required.

27. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are conclusions of law and of the pleader to which no response is required.

31. The allegations contained in paragraph 31 are conclusions of law and of the pleader to which no response is required.

32. The allegations contained in paragraph 32 are conclusions of law and of the pleader to which no response is required.

33. The allegations contained in paragraph 33 are conclusions of law and of the pleader to which no response is required.

34. The allegations contained in paragraph 34 are conclusions of law and of the pleader to which no response is required.

35. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 35

36. This defendant admits that decision referred to in paragraph in paragraph 36 speaks for itself.

37. This defendant admits that decision referred to in paragraph in paragraph 37 speaks for itself.

38. This defendant admits the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 are conclusions of law and of the pleader to which no response is required.

40. The allegations contained in paragraph 40 are conclusions of law and of the pleader to which no response is required.

41. This defendant admits that regulated referred to in paragraph in paragraph 41 speaks for itself.

42. The allegations contained in paragraph 42 are conclusions of law and of the pleader to which no response is required.

43. The allegations contained in paragraph 43 are conclusions of law and of the pleader to which no response is required.

44. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. This defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 are conclusions of law and of the pleader to which no response is required.

49. The allegations contained in paragraph 49 are conclusions of law and of the pleader to which no response is required.

50. The allegations contained in paragraph 50 are conclusions of law and of the pleader to which no response is required.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied

Defendant repeats and realleges the responses to paragraphs 1 through 52 as fully set forth herein.

53. The allegations contained in paragraph 53 are denied.

COUNT I

Defendant repeats and realleges the responses to paragraphs 1 through 53 as fully set forth herein.

54. The allegations contained in paragraph 54 are denied. The allegations contained in paragraph 54 are denied.

### COUNT II

Defendant repeats and realleges the responses to paragraphs 1 through 54 as fully set forth herein.

55. The allegations contained in paragraph 55 are denied.

### COUNT III

Defendant repeats and realleges the responses to paragraphs 1 through 55 as fully set forth herein.

56. The allegations contained in paragraph 56 are denied.

### COUNT IV

Defendant repeats and realleges the responses to paragraphs 1 through 56 as fully set forth herein.

57. The allegations contained in paragraph 57 are denied.

### COUNT V

Defendant repeats and realleges the responses to paragraphs 1 through 57 as fully set forth herein.

58. The allegations contained in paragraph 58 are denied.

59. The allegations contained in paragraph 59 are denied.

60. The allegations contained in paragraph 60 are denied.

61. The allegations contained in paragraph 61 are denied.

Further answering the complaint, this defendant denies all allegations contained in the Complaint not specifically admitted or otherwise answered.

### THIRD DEFENSE

This defendant and its employees, acting within the scope of their employment, are immune from the claims in this lawsuit pursuant to the doctrines of sovereign, absolute, qualified or governmental immunity.

### FOURTH DEFENSE

If plaintiff was injured or incurred damages as alleged in the Complaint, such injuries or damages were the result of his sole or contributory negligence and/or their assumption of risk or the acts of a third party or employee acting outside the scope of his employment with the District of Columbia.

### FIFTH DEFENSE

The actions of the defendant, its agents, servants, and employees, were reasonably necessary to effect, maintain, and enforce the laws, statutes, and /or regulations of the United States and/or the District of Columbia.

### SIXTH DEFENSE

The actions of the defendant, its agents, servants, and employees, were taken in good faith and with reasonable belief in their lawfulness.

### SEVENTH DEFENSE

Plaintiff may have failed to fully comply with the requirements of D.C. Code § 12-309. Therefore, Plaintiffs' claims are barred as a matter of law.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate his damages.

NINTH DEFENSE

The applicable statute of limitations and or the doctrines of laches bar this action.

TENTH DEFENSE

Plaintiff's claims, and portions thereof, are barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel).

ELEVENTH DEFENSE

This defendant's actions, if any, did not violate plaintiffs constitutional and or civil rights under 42 USC 1983.

TWELTH DEFENSE

This defendant, as a municipal corporation, may not be held liable for punitive damages.

THIRTEENTH DEFENSE

Plaintiff may have failed to exhaust his administrative remedies.

SET-OFF

Defendants claim a set-off for any debts plaintiffs owe to the District of Columbia and for any benefits the District of Columbia may have given or conferred upon plaintiffs, including, without limitation, unpaid taxes; health and hospital care; the cost of any care or treatment of plaintiffs rendered or paid for by the District of Columbia through any means; Medicare or Medicaid; AFDC; GPF; or any other Benefit.

WHEREFORE, having fully answered, this defendant urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to the defendant.

Respectfully submitted,

ROBERT SPAGNOLETTI
Attorney General for the
District of Columbia, D.C.

George C. Valentine
Deputy Attorney General
Civil Litigation Division

/s/
_____
KIMBRLY M. JOHNSON (# 435163 )
Chief, General Litigation Section I

/s/
_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724 5695
Attorneys for defendants

## JURY DEMAND

This defendant demands a trial by jury of the maximum allowed by law, as to all issues so triable.

MELVIN W. BOLDEN, JR.
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically served on Peter N. Mann, Esquire on October 25, 2006.

                                                _____
                                                Melvin W. Bolden, Jr.
                                                Assistant Attorney General