UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDELL SMITH | : |
| | : |
|     Plaintiff | : |
| | : |
| v. | : Case No. 1:06:1398 (RBW) |
| | : |
| DISTRICT OF COLUMBIA, ET AL | : |
| | : |
|     Defendants | : |

## MOTION FOR SUMMARY JUDGMENT

The plaintiff, Wendell Smith, by and through undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LcvR 7 (h) of the United States District for the District of Columbia, moves this court for summary judgment. In support of the plaintiff's motion for summary judgment, the plaintiff states the following.

1.  The ruling in the case of *Wendell Smith v. Margaret Moore, et al, 749 A. 2d 132 (D.C. 2000),* and the doctrine of collateral estoppel precludes the District of Columbia from re-litigating the issue of whether the District of Columbia violated the Fifth Amendment due process right of the plaintiff and whether the District of Columbia acted in violation of the Lorton Regulations Approval Act, 29 D.C. Reg. 3484 (1982) when the defendant was placed in administrative segregation.   Accordingly, the plaintiff is entitled to summary judgment.

As further support for this motion, the plaintiff respectfully refers the court to the attached memorandum of points and authorities, the statement of materials facts not in dispute, the attached exhibits and proposed order.

Respectfully Submitted,

/s/ Peter N. Mann, Esquire
Peter N. Mann, Esquire
514 Tenth Street, N.W.
Ninth Floor
Washington, D.C.  20004
(202) 387-3547
*Counsel for Wendell Smith*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDELL SMITH : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No.  1:06:1398 (RBW |
| : | |
| DISTRICT OF COLUMBIA, ET AL : | |
| : | |
| Defendants : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Wendell Smith, by and through undersigned counsel, respectfully submits the following memorandum of points and authorities in support of his motion for summary judgment.

I.  Factual History.

The plaintiff is an inmate currently housed at a federal institution of U.S.P. Allenwood in Allenwood, Pennsylvania. The plaintiff is serving a sentence for violations of District of Columbia law for which he was sentenced on February 13, 1990.

In March of 1997, the plaintiff was housed in the general population of the Occoquan Facility of the Lorton Correctional Institution.[1]  On or about March 28, 1997, correctional officials at the Occoquan facility received an anonymous note from an inmate, identified as "Informer."   The note stated that Informer had overheard the plaintiff and "Ian Thorn" talking about escaping,  that the plaintiff intended to escape from the Occoquan facility with the help of

---

[1] The Lorton Correctional Institution was closed on December 31, 2001 by the enactment of The National Capital Revitalization and Self-Government Improvement Act of 1997 (Title XI of the Balanced Budget Act of 1997, Public Law 105-33.

an unidentified correctional officer. The informer also claimed that Mr. Smith had uniforms ready, that Mr. Smith "was hoping that another inmate named Rodney Shorter... would come over before the escape." Informer also stated that Mr. Smith threatened to do harm to a correctional officer named Donna Rienheart. The note was addressed to a Lieutenant Gregory A. King, the security supervisor for the Occoquan facility. (See Exhibit "A" )

A shakedown of the plaintiff and the other two inmates identified in the note failed to uncover evidence of an escape. The three inmates also denied knowledge of an escape.

Pursuant to a memorandum from Sergeant Terry Battle, the plaintiff was immediately placed in an "adjustment unit" pending a hearing before the Housing Board at Occoquan for the purpose of determining appropriate housing placement to ensure prison safety and security. By placing the plaintiff in the adjustment unit, the plaintiff was also automatically put in administrative segregation status. (See Exhibit "B")

A housing board hearing was held on April 3, 1997. The Board , relying entirely on informer's note found that "Inmate Smith poses a definite escape risk and threat to the safety of others." The Board therefore recommended that the plaintiff be transferred to the Maximum Security Facility on Administrative Segregation. (See Exhibit "C")

The plaintiff subsequently appealed the decision of the Board to the Warden, Johnny Showell. The Warden denied the plaintiff's appeal finding that

> Based on inmate Smith's previous behavior in the Occoquan facility,
> and the incidents he has been involved in, the Administration of
> the Occoquan Facility has to take the letter submitted seriously
> alleging that inmate Smith was planning to escape and do
> bodily harm to correctional staff. (See Exhibit "D")

On July 3, 1997, Mr. Smith filed a petition for a writ of habeus corpus in the Superior Court for the District of Columbia. (Case No. SP-1708-97) (See Exhibit "E") He claimed in his petition that he was being unlawfully detained in administrative segregation.  On October 17, 1997, the plaintiff's petition was denied without a hearing by Judge Ronald P. Wertheim of the Superior Court.

The plaintiff appealed the denial of his habeus corpus petition to the District of Columbia Appeals. (Appeal No. 98-SP-298).  On April 20, 2000, the Court of Appeals reversed the decision of the trial court denying the petition without a hearing and remanded the case for further proceedings consistent with the court's opinion. *Smith v. Moore, 748 A. 2d 132 (D.C. 2000)* (See Exhibit "F")

On June 20, 2000, the trial court, noting that the District of Columbia having acknowledged on June 6, 2000 that the plaintiff remained in administrative segregation and having failed to provide the court with reasons for the plaintiff's being in administrative segregation by May 23, 2000, the trial court's previously imposed deadline, granted the plaintiff's petition for habeus corpus. (See Exhibit "G")

On August 7, 2006, the plaintiff filed the instant case alleging violations of the Fifth and Eighth Amendments of the Constitution, and the Lorton Regulations Approval Act of 1982.

II.   The Opinion of the District of Columbia Court of Appeals in *Smith v. Moore.*

As the court stated in *Smith v. Moore, supra at 135*, the decision to place an inmate in administrative segregation is governed by the *Lorton Regulations Approval Act of 1982, 29 D.C. Reg 3484 (1982) (hereinafter "the LRAA")* and the regulations promulgated in connection therewith, *DCMR §§ 500-531 (1987)*.

Thus, for an inmate to be place in conditions of confinement constituting administrative segregation, there must be a finding that;

> (a) There is a clear and present threat to the safety of the resident;
> (b) The resident poses a clear and present threat to the safety of others; or
> (c) The resident poses a definite escape risk.

*28 DCMR §521.4*

An addition, an inmate facing administrative segregation is entitled to procedural rights including a right to a hearing before the Housing Board where there is a full and fair determination of whether the inmate is a threat to the safety of others or poses a definite escape risk or there is a clear and present threat to the inmate. The inmate also has a right to counsel, the right to notice of the charges brought against him and a limited right to call witnesses.

The purpose of the *LRAA* is to provide compliance with a minimum level of due process to prisoners facing the threat of punitive action. A failure to adhere to the provisions of the Lorton act may violate due process guarantees.

In the instant case, citing *Wolff v. McDonnell , 417 U.S. 539 (1974)*, the court stated that a prison's reliance on the uncorroborated allegations of an unknown informant in making decisions regarding disciplinary matters may render those decisions arbitrary and therefore in violation of the Due Process Clause. *Smith v .Moore, supra at 136.*

Thus, where a prisoner was subject to "severe discipline" on the basis of allegations made by an anonymous informer, the informer's reliability must be "contemporaneously and independently assessed. *Smith v. Moore, supra at 136, citing Hensley v. Wilson, 850 F. 2d 269, 280-283 (6th Cir. 1988)* That assessment must include "some information on the record" from

which a court can conclude that an inquiry took place and that upon the basis of that inquiry, a conclusion was reached that the informant was reliable. *Smith v. Moore, supra at 136*, quoting *Kyle v. Hanberry, 677 F. 2d 1386, 1390 (11th Cir. 1982).*

The District of Columbia Court of Appeals therefore concluded that the informer's note was insufficient for minimum due process and for compliance with the LRAA to justify the plaintiff's placement in administrative segregation. *Smith v. Moore, supra at 138.* Accordingly, the trial court's denial of the plaintiff's petition for habeus corpus without a hearing was reversed and the case was remanded to the Superior Court for further proceedings consistent with the opinion of the appellate court.

III. Argument

    A. The Findings Made by the District of Columbia Court of Appeal in *Smith v. Moore* and the ruling of the trial court in the Superior Court for the District of Columbia in *Smith v. Moore* Establish as a Matter of Law, Pursuant to the Principle of Collateral Estoppel, that the Actions of the District of Columbia in Placing the Plaintiff in Administrative Segregation Violated both Due Process and the LRAA

        1. Introduction

As stated above, the District of Columbia Court of Appeals in the case of *Smith v. Moore, supra*, ruled that the actions of the District of Columbia in placing the plaintiff in administrative segregation solely on the basis of an unknown informer's note violated both the Fifth Amendment's due process clause and the LRAA.

Upon remand to the Superior Court, the trial court issued a ruling which ordered the District of Columbia to provide a factual basis for the plaintiff's placement in Administrative Segregation. (See Exhibit "H") By failing to respond, the District of Columbia, conceded that there was no factual basis, other than the informer's note for the plaintiff to be in administrative

segregation.  Accordingly, the trial court granted the plaintiff's petition for habeus corpus.

Pursuant to the principle of collateral estoppel, the trial and appellate levels of litigation in *Smith v. Moore* conclusively establish the following for purposes of the instant case.

(1) The District of Columbia's actions in placing the plaintiff in administrative segregation solely on the basis of the informer's note violated the due process clause of the Fifth Amendment to the Constitution.

(2) The District of Columbia's actions in placing the plaintiff in administrative segregation solely on the basis of the informer's note violated the LRAA.

Thus the District of Columbia should be estopped from contending that their actions were not in violation of the due process clause and the LRAA.

2.  Collateral Estoppel

It is a well established principle of law that collateral estoppel, also known as issue preclusion, will operate in subsequent litigation when an issue has been previously been judicially determined in a prior matter. *Murray v. Goodwin, 852 A. 2d 957 (D.C. 2004); Wilson v. Hart, 829 A. 2d 511 (D.C. 2003); Ali Baba v. Wilco, Inc. , 482 A. 2d 418, 421 (D.C. 1984).*

The general rule of collateral estoppel is that;

> When an issue of fact or law is actually litigated and determined
> by a final and valid judgment, and the determination is essential to
> the judgment, the determination is conclusive in a subsequent action
> between the parties, whether on the same or on a different claim.
> *Restatement (Second) of Judgments, § 27.*

An issue is actually litigated when it  "is properly raised by the pleadings or otherwise, and is submitted for determination and is determined." *Ali Baba, Inc v. Wilco, Inc., supra at 421,*

*citing Restatement (Second) of Judgments, § 27(d).*

A summary judgment motion will be granted on the "basis of a prior adjudication when an earlier judgment disposed of the same issues between sufficiently related parties." *Ali Baba, Inc. v. Wilco, Inc., supra at 422, citing C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: Civil 2d, § 2735 (2d ed. 1983; See also Jackson v. District of Columbia, 412. A. 2d 948, n. 7 (D.C. 1980)*

The trial court is invested with broad discretion as to when to apply collateral estoppel and should consider the following factors. *Parkland Hosiery, Inc. v. Shore, 439 U.S. 322, 331, n.7 (1979)*

> (1) whether the first suit was for a trivial amount while the second was for a larger amount;
> (2) whether the party asserting the estoppel could have effected joinder between himself and his present adversary but did not do so.
> (3) whether the estoppel is based on one of conflicting judgments, another of which is in defendant's favor.
> (4) whether there are significantly different procedural advantages available to the defendant is the second suit which could affect the outcome of the case.
> *IB Moore's Federal Practice, supra ¶ 0.441(.3-4); Parklane Hosiery, Inc. v. Shore, supra at 329 (1979)*

### 3.  The Court Should Apply Collateral Estoppel to the Instant Case.

The application of the factors listed above warrant the application of collateral estoppel to the issues of whether the defendant District of Columbia violated the plaintiff's fifth amendment rights and violated the LRAA.

In that regard, the singly most salient fact is that the District of Columbia Court of Appeals squarely held, after extensive litigation, by the defendant in the plaintiff's habeus corpus

9

matter, that the District of Columbia's reliance solely on the note of an anonymous informer, violated the LRAA and the plaintiff's Fifth Amendment due process rights.

Although, Margaret Moore, the Director of the Department of Corrections was nominally the defendant in the plaintiff's habeus corpus petition, the de facto defendant was the District of Columbia as all housing decisions made with respect to inmates at the Lorton Correctional Institution were made by officials acting on behalf of the District.

The remand of the Court of Appeals was given with instructions to the trial court that further proceedings be consistent with the court's opinion. Thereafter, on May 23, 2000, the trial court issued a court order by which the District of Columbia, having formally acknowledged that the plaintiff remained in administrative segregation, was required to provide facts upon which the Department of Corrections relied upon to keep the plaintiff in administrative segregation. (See Exhibit "H ) The import of the trial court's order, consistent with the ruling of the District of Columbia Court of Appeals, was to allow the District of Columbia an opportunity to show that there were facts other than the note of the anonymous informer which justified the plaintiff remaining in administrative segregation.

Subsequently, the court on June 30, 2000, after stating that the District of Columbia had failed to provide a statement of facts which were relied upon to maintain the plaintiff's administrative segregation status, granted the plaintiff's habeus corpus petition.

Having been expressly afforded the opportunity to justify the plaintiff's placement in administrative segregation and having failed to do so, the District of Columbia should now be estopped from asserting that the plaintiff's confinement in administrative segregation was not in violation of the plaintiff's Fifth Amendment rights as well as that the District of Columbia

violated the LRAA.

    B. The Plaintiff is Entitled To Summary Judgement in Light of the Defendant's Being Estopped from Asserting that the Plaintiff's Placement in Administrative Segregation Deprived Him of his Fifth Amendment <u>Rights and Violated the LRAA.</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriately granted where there are no disputed issues of material fact and the moving party is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986)*

In the instant case, upon application of the doctrine of collateral estoppel, the District of Columbia is precluded from denying that their action in placing the plaintiff in administrative segregation deprived the defendant of his Fifth Amendment right and violated the *LRAA*.

As the defendant's violation of the plaintiff's constitutional rights and violation of the *LRAA* are the basis for liability in this case, the application of collateral estoppel warrants court's granting summary judgment in favor of the plaintiff.

                              Respectfully Submitted,

                              /s/ Peter N. Mann, Esquire
                              Peter N. Mann, Esquire
                              514 Tenth Street, N.W.
                              Ninth Floor
                              Washington, D.C. 20004
                              (202) 387-3547
                              *Counsel for Wendell Smith*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDELL SMITH | : |
| | : |
|     Plaintiff | : |
| | : |
| v. | : Case No.  1:06:1398 (RBW |
| | : |
| DISTRICT OF COLUMBIA, ET AL | : |
| | : |
|     Defendants | : |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

    The plaintiff, Wendell Smith, by and through undersigned counsel, respectfully submits in conjunction with his Motion for Summary Judgment.

    1. On March 28, 1997, while serving a sentence at the Lorton Correctional Institution for violations of District of Columbia law, the plaintiff was placed in administrative segregation on the basis of an anonymous note which alleged that the plaintiff was trying to escape from the Occoquan Facility.  (See Exhibits "A", "B," "C," "D")

    2. Based on the anonymous note which alleged that the plaintiff was trying to escape from the Occoquan Facility, the plaintiff was transferred from the Occoquan Facility to the Maximum Security Facility where he remained on administrative segregation. (See Exhibits "A", "B", "C," "D")

    3. The plaintiff remained on administrative segregation status until June 20, 2000.

    4. On April 20, 2000, the District of Columbia ruled in the case of *Smith v. Moore, 748 A. 2d 132 (D.C. 2000),* that the placement of the plaintiff on administrative segregation solely on the basis of the note of an unknown anonymous informant alleging that the plaintiff was

attempting to escape from confinement violated the plaintiff's Fifth Amendment due process rights and violated the Lorton Regulations Approval Act of 1982. (See Exhibit "F")

    5. On April 20, 2000, the District of Columbia Court of Appeals in the case of *Smith v. Moore, supra,* reversed the trial court's denial of the plaintiff's Petition for Habeus Corpus without a hearing and remanded the case to the trial court for further proceedings consistent with the court's opinion. (See Exhibit F")

    6. On June 20, 2000, the plaintiff's Petition for Habeus Corpus was granted by the granted by Judge Ronald P. Wertheim of the Superior Court of the District of Columbia. (See Exhibit "F")

    7. The principle of collateral estoppel precludes the defendant from denying that the plaintiff's placement in administrative segregation, on the basis of an anonymous note alleging that he was attempting to escape from the Occoquan Facility, violated the plaintiff's Fifth Amendment right and violated the Lorton Regulations Approval Act of 1982.

                      Respectfully Submitted,

                        <u>Peter N. Mann, Esquire</u>
                        Peter N. Mann, Esquire
                        514 Tenth Street, N.W.
                        Ninth Floor
                        Washington, D.C. 20004
                        (202) 387-3547
                        *Counsel for Wendell Smith*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WENDELL SMITH                           :
                                        :
    Plaintiff                           :
                                        :
v.                                      : Case No.  1:06:1398 (RBW
                                        :
DISTRICT OF COLUMBIA, ET AL             :
                                        :
    Defendants                          :

## INDEX OF SUPPORTING EXHIBITS

    1. Exhibit A, Informer's Note.

    2.  Exhibit B, Memorandum from Sergeant Terry Battle.

    3.  Exhibit C, Housing Board Commitment.

    4.  Exhibit D, Denial of Appeal by Warden Johnny Showell.

    5.  Exhibit E, Petition for Writ of Habeus Corpus; Case No.  SP 1708-97

    6.  Exhibit F, Decision of the District of Columbia Court of Appeals in Smith v. Moore,
et al; Appeal No.  98-SP-298, 748 A. 2d. 132 (D.C. 2000)

    7.  Exhibit G, Order, Judge Wertheim (District of Columbia Superior Court), June 20,
2000.