CLERK OF
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
SPECIAL PROCEEDING DR

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## SPECIAL PROCEEDINGS SECTION

| | |
|---|---|
| WENDELL SMITH<br>DCDC No. 219-106<br>Maximum Security Facility<br>P.O. Box 5200<br>Lorton, Virginia 22199 | :<br>:<br>:<br>:<br>: |
| PETITIONER | : |
| VS. | :<br>: |
| MARGARET A. MOORE<br>Director<br>D.C. Department of Corrections<br>1923 Vermont Avenue, N.W.<br>Washington, D.C. 20001 | :<br>:<br>:<br>:<br>: |
| Mr. JOHNNY SHOWELL<br>Deputy Warden for Operations<br>Medium Security Facility<br>P.O. Box 98<br>Lorton, Virginia 22199 | :<br>:<br>:<br>:<br>: |
| BELINDA WATSON BARNEY<br>Acting Warden<br>Maximum Security Facility<br>P.O. Box 5200<br>Lorton, Virginia 22199 | :<br>:<br>:<br>:<br>: |
| RESPONDENTS | : |

PETITION SEEKING A WRIT
OF HABEAS CORPUS

COMES NOW Petitioner WENDELL SMITH, through named counsel, and sets forth the following:

## JURISDICTION AND VENUE

1.  The authority for this petition is found in D.C.Code Section 16-1901, et seq.  Venue in this Court is proper in that

this claim arose in an institution under control of the D.C.
Department of Corrections governed by applicable District of
Columbia Law.

## PARTIES

2.   Petitioner, Wendell Smith, is a person confined within
the D. C. Department of Corrections and assigned identification
number 219-106.  he is being held on administrative segregation
wrongfully, and therefore restrained from his lawful liberty,
within the District of Columbia's Maximum Security Facility in
Lorton, Virginia.

3.   Respondent Margaret A. Moore is the director of the
District of Columbia Department of Corrections.  As Director, Ms.
Moore is responsible for insuring that agency officials conduct
themselves in accordance with existing laws and honor an inmate's
clearly established constitutional and statutory rights to due
process.  As head of the agency given responsibility for
Petitioner's custody, Ms. Moore is Petitioner's nominal custodian
and a proper party respondent.

4.   Respondent Johnny Showell is currently the Deputy Warden
for Operations at the Medium Security Facility, Lorton, Virginia.
At all times material to the facts stated herein, Mr. Showell was
the Acting Warden of the Occoquan Facility, Lorton, Virginia.  As
warden he was responsible for ensuring that Occoquan Facility
employees know and follow clearly established law while acting in

2

warden he was responsible for ensuring that Occoquan Facility
employees know and follow clearly established law while acting in
their official capacity.  Mr. Showell denied Petitioner's
administrative appeal, leading to petitioner's placement at the
Maximum Security Facility, on administrative segregation.

5.  Respondent Belinda Watson Barney is the acting warden at
the Maximum Facility, Lorton, Virginia.  As warden she is
responsible for ensuring that maximum Facility employees know and
follow clearly established law while acting in their official
capacity.  As warden of the institution where Petitioner is
confined wrongfully, Ms. Barney is Petitioner's actual custodian
and a proper respondent.

## FACTUAL STATEMENT

6.  On or about March 28, 1997, Petitioner Wendell Smith was
housed in the general population at the Occoquan Facility.

7.  On March 28, 1997, Captain Rodriguez a supervisory
officer on the uniformed staff at the Occoquan Facility received
a single yellow folded sheet of paper signed "Informer." The
single yellow folded sheet Captain Rodriguez received was
addressed to Sgt. King, Security Officer at the Occoquan
Facility.  While the sheet of paper was signed "Informer,"  the
note had no other identification of the writer on it.

8.  The writer of the note purported to have overheard a
"Wendal Smith,"  no DCDC number, and "Ian Thorn" talking about

3

"exscaping". The writer asserted that "Wendal Smith came over from the Max yesterday," and "said he was going to leave the place with help of one of your officers." The writer further claimed "Wendal Smith" also said "he had uniforms ready and that he was hoping (sic) that a Rodney Shorter who still in the Max come over before the escape." Lastly, the writer of the note claimed that "Wendal Smith" said he was "going to get some bitch Donna Rienheart somewhere over 3 side before he left." The unidentified "Informer" then asserted, "I think he means this stuff he said." See xerox copy of note, attached hereto as Exhibit A.

9. Based on the anonymous note signed "Informer", Sergeant Terry Battle, at Captain Rodriguez's direction, removed Petitioner from the general papulation and placed Petitioner in the Adjustment Unit on administrative segregation pending a housing hearing. See Sgt. Battle's Memorandum of March 31, 1997 attached hereto as Exhibit B. In the course of placing Petitioner on AS detention, Sgt. Battle strip-searched Petitioner, searched Petitioner's personal property; including his bed space, locker, and bed area. No escape contraband, or contraband of any kind, was found. See Exhibit B attached hereto.

10. The ostensible basis for Petitioner's placement in the Adjustment unit was Sgt. Battle's assertion that Petitioner was an "escape risk." See Adjustment Unit Commitment attached hereto as Exhibit C.

presented by the Department at the hearing consisted of a xerox
of the "yellow note" from "Informer", attached hereto as Exhibit
A, and the memorandum from Sgt. Battle, attached hereto as
Exhibit B.  The Department presented no other evidence.  Thus,
there were no other documents or statements from known and
identified adverse witnesses inculpating Petitioner in any of the
acts or motives attributed to  "Wendal Smith" by "Informer."  In
short, the Department presented no corroborating evidence to
support the anonymous "Informer's" veiled and hidden accusations.

12.  In addition to the lack of corroborating evidence, the
Department presented no evidence explaining why the confidential
source should be believed.  There was no evidence of an
investigation by the Department to ascertain information
regarding the informant, nor did the Department present evidence
of ever relying on the informant in prior cases.  Since the
Lorton Act, 28 D.C.M.R. Sections 525.4 and 525.5 permit, and
require, certain procedures where confidential information is
deleted from the hearing record, the absence of any notation that
deleted material existed indicates that no material regarding
"Informer's" reliability was prepared contemporaneously.

13.  Based solely on the anonymous note from "Informer"
containing uncorroborated statements, the Housing Board
recommended that Petitioner should be maintained on
administrative segregation as an "escape risk" and "threat to
self and others."

5

14.  Petitioner duly appealed this decision to Warden Showell in writing, and supplied a copy of his appeal to Counsel herein. By letter of April 4, 1997 counsel also submitted an appeal on Petitioner's behalf.  See Exhibit D attached hereto.  As the Lorton Regulations Approval Act (hereinafter "Lorton Act" or "LRAA (1982)[1] only provides for one level of administrative appeal (to the administrator of the facility), Petitioner's appeal constituted exhaustion of his available administrative remedies.

15.  On April 8, 1997 Warden Showell responded to counsel's appeal on behalf of Petitioner indicating his concurrence with the Housing Board's decision.  See Exhibit E attached hereto. Warden Showell's letter references no independent basis for assessing the reliability of "informer's" accusations regarding "Wendal Smith's" alleged statements.

16.  Petitioner remains locked down on administrative cell detention as an "escape risk" and "threat to self or others" without any factual basis to support such detention.

------------

[1]Section 24-442 of the District of Columbia Code, empowers the Department of Corrections to promulgate rules and regulations governing Lorton Reformatory subject to the approval of the council of the District of Columbia.  D.C. Code Ann. Sec. 24'442 (1981).  Pursuant to this statutory authorization, the Department of Corrections published a final rule governing administrative procedures for adjustment and housing actions in the District of Columbia Register on February 27, 1981.  28 D.C. Reg. 865 (1981). The Council approved these regulations in the Lorton Regulations Approval Act of 1982.  29 D.C. Reg. 3485 (1982).  These regulations are found in title 28, Sections 500-531 of the District of Columbia Municipal Regulations (28 D.C.M.R. 500-531 (1987).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

17.   The Lorton Act requires only one level of administrative appeal.  See 28 DCMR Section 529 (Appeals to Housing Decision Directed To "Administrator" of Institution).  Petitioner submitted his appeal to the Warden, who summarily denied said appeal.  See Exhibits D and E attached hereto.  Therefore, Petitioner has exhausted all available administrative remedies and has no alternative but to seek relief from this Court.

## LEGAL GROUNDS

STATUTORY CLAIMS

18.  The Lorton Regulations Approval Act (1982) constitutes the law of the District of Columbia governing cell confinement in D.C. correctional institutions.  These are the rules and legal standards staff must apply when a determination is being made to place and to maintain a prisoner on cell segregation status.  See Vaughn v. United States, 598 A. 2d 425, 433 (D.C. App. 1991) and Abdullah v. Roach, 668 A. 2d 801, 805 (D.C. App. 1995).

19.  The Lorton Act defines administrative segregation as involuntary restrictive confinement of a prisoner in a cell.  See 28 DCMR 521.1.

20.   28 DCMR 521.4 requires that in order to place a resident on administrative segregation, there must be a "finding" based on evidence in the hearing record that the resident poses a clear and present danger to the safety of others or is a "definite escape risk."

21.   The D.C. Court of Appeals has held that the Lorton Act's rules are "binding" on the Department of Corrections, <u>Vaughn v. United States</u>, 598 A. 2d 425, 433 (D.C. App. 1991).  The Court of Appeals recently reaffirmed it's holding in <u>Vaughn</u>, supra, by holding in <u>Abdullah v. Roach</u>, 668 A. 2d 801, 805 (D.C. App. 1995) that detention on administrative segregation without a sufficient factual basis set forth "a claim upon which relief can be granted".  <u>Ibid.</u>, at 805-806.  Numerous Superior Court judges have issued opinions holding the Lorton Act constitutes valid District of Columbia law and that a violation of provisions of the Lorton Act constitutes a basis for relief.  See <u>Brogsdale v. D.C.</u>, 121 Daily Wash. L. Rptr. 2441 (December 2, 1993), as amended, 122 Daily Wash. L. Rptr. 613 (April 1, 1994) (Failure to issue an adequate written statement of the facts that form the basis for disciplinary board's decision is violation of constitutional and statutory due process, and basis for annulling hearing result and expunging record) and <u>Washington v. District of Columbia</u>, SP-3279-93 (Order by Judge Ellen Segal Huvelle) attached hereto as Exhibit E,(Inmate's statutory claim regarding sufficiency of the evidence can be disposed of by application of the <u>Hill</u> "some evidence" standard, since the hearing records

attached hereto as Exhibit E,(Inmate's statutory claim regarding sufficiency of the evidence can be disposed of by application of the <u>Hill</u> "some evidence" standard, since the hearing records shows there was no evidence presented as to how he violated the various sections of the Lorton Act).

22.    Based on the facts set forth herein above and the law of the District of Columbia governing involuntary cell detention, there is no evidence to support Petitioner's placement on administrative segregation.  Rather, there are only uncorroborated accusations from a wholly anonymous source who is nowhere shown to be identified and proven reliable in the past.

To protect the inmate's interest in a fair hearing, the courts have required some indication of the reliability of confidential informants when confidential information is the basis for a prison disciplinary decision.  See <u>Cerda v. O'Leary</u>, 746 F. Supp. 820, 824 (N.D. Ill. 1990), and <u>Brown v. Smith</u>, 828 F. 2d 1493, 1495 (10th Cir. 1987) wherein, the Court said, "the statements elicited from the confidential informant should never have been given any weight by the institutional disciplinary committee as there was no determination made by the prison staff that indicated that the informant was reliable".  Consequently, Petitioner files this petition seeking appropriate judicial review and relief.

WHEREFORE, based on the foregoing, Petitioner respectfully requests the Court to direct an order to show cause to Respondents, requiring them to answer as required by Rule 81 (a)

cause shown the Court shortens the time or allows additional time, which shall not exceed 20 days.)

PETITIONER, further requests that upon receipt of Respondents' Return the Court find that there is insufficient factual basis to show Petitioner is a threat or escape risk under the existing regulations and issue an order directing Respondents to release him to an appropriate general population.

Respectfully Submitted,

Vincent Wilkins, Jr.
D.C. Bar No. 439005
Counsel for Petitioner

Robert C. Hauhart
D.C. Bar No. 420635
Counsel for Petitioner

Public Defender Service
Prisoners' Rights Program
451 Indiana Avenue, N.W.
Washington, D.C. 20001
(202) 628-1200

DATE: June 27, 1997

10